IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HISCOX DEDICATED CORPORATE
MEMBER LIMITED,

        Plaintiff,

vs.                                                             No. CIV 09-24 JH/LFG

OLLA GRANDE, INC., SANDOVAL
COUNTY, DEWAYNE HENDRICKS,
SANDOVAL BROADBAND, INC.,
JONATHAN MANN, DANDIN GROUP,
INC., and AQV INCORPORATED,

        Defendants.
_____

SANDOVAL COUNTY,

        Counter-Claimant,
vs.

GENERAL STAR INDEMNITY COMPANY,

        Counter-Defendant/Cross-Claimant,
vs.

OLLA GRANDE, INC., SANDOVAL
BROADBAND, INC., and JONATHAN MANN,

        Cross-Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO COMPEL**

THIS MATTER is before the Court on Plaintiff Hiscox Dedicated Corporate Member Limited's ("Hiscox") Motion to Compel Responses to Interrogatories Propounded to Sandoval County [Doc. 109]. Sandoval County's response was filed on February 5, 2010. [Doc. 124.] No reply is necessary.

## Background

Hiscox seeks declaratory relief concerning claims made by Sandoval County under a professional errors and omissions policy issued to Olla Grande, Inc. ("Olla Grande"), for a policy period of November 30, 2006 - November 30, 2007. More specifically, Hiscox requests the Court to determine that the application for the policy contained misrepresentations that would serve to void the policy or, alternatively, that the terms of the policy do not cover or specifically exclude the claims asserted by Sandoval County against the named insured.

Hiscox contends it first received notice of Sandoval County's claim after Sandoval County obtained a default judgment against the Dandin Group, Inc., DeWayne Hendricks, and Sandoval Broadband, Inc. Sandoval County obtained the default judgment in a State lawsuit brought in Sandoval County. [Doc. 109, p. 2.]

Hiscox further contends it had no knowledge or prior notice that the policy holder, Olla Grande, had changed its name to Sandoval Broadband, Inc., or that any suit or claims had been asserted against the policyholder. After a recent investigation of the claim and review of Sandoval County's complaint, Hiscox asserts that significant questions exist concerning the *bona fides* of the information provided by the policyholder in its application for insurance, upon which Hiscox relied in issuing the policy. Hiscox also argues that, based on the nature of the allegations in the underlying State lawsuit, the policy Hiscox issued does not cover the conduct alleged against the policyholder.

## The Underlying Lawsuit

In the State lawsuit, Sandoval County asserted claims against AQV Incorporated ("AQV, Inc."), Dandin Group, Inc., Jonathan Mann, DeWayne Hendricks and Sandoval Broadband, Inc., based on their participation in a broadband project under various contracts with or for the benefit

2

of Sandoval County. Hiscox contends that its investigation demonstrates that an initial contract was entered into between Jonathan Mann's company, AQV, Inc., and Sandoval County in December 2004. Olla Grande, an entity also formed by Jonathan Mann, was substituted for AQV, Inc. in a subsequent contract, dated September 7, 2006. Sandoval County alleged that all defendants sued in the State lawsuit breached their contract, breached a covenant of good faith and fair dealing, engaged in unconscionable, deceptive or unfair trade practices, and made fraudulent misrepresentations, and that a constructive trust should be imposed.

Sandoval County also sought damages for unjust enrichment and *prima facie* tort, and alleged that the corporate veil of each of the defendants should be pierced. Because all defendants were alter egos of one another, Sandoval County contended that recognizing corporate identities instead of allowing individual liability would sanction or promote an injustice. In each count of the State Court complaint, Sandoval County alleged that defendants' conduct was "undertaken in bad faith, willfully, maliciously, with wanton disregard for the rights of the County, with a culpable state of mind and/or with the intent to injure the County, and the County should be awarded punitive or exemplary damages."

There was no dispute that Hiscox's insured was served with the State Court complaint and did not answer. [Doc. 109, Ex. B.] Thus, Sandoval County successfully obtained a default judgment against Dewayne Hendricks, Dandin Group, Inc. and Sandoval Broadband, Inc. on the basis of NMSA § 41-3A-1, which provides for joint and several liability against all parties in a cause of action to which the doctrine of comparative fault applied. [Id., ¶10.] On March 31, 2008, the State Court received evidence from Sandoval County concerning the damages it suffered as a result of acts or omissions by Dewayne Hendricks, Dandin Group, Inc., and Sandoval Broadband, Inc. [Id.,

[¶ 8.] It appears undisputed that Hiscox received no notice of a separate hearing on the issue of damages in the State lawsuit.

## Olla Grande Application for Insurance

When Olla Grande applied for insurance, Jonathan Mann ("Mann") is alleged to have represented that Olla Grande had revenues of $300,000 during 2004-2005, and revenues of $1.4 million during 2005-2006. Mann is further alleged to have represented that Olla Grande was not "controlled, owned or associated with any other firm, corporation or company." When asked, "Does any person to be insured have knowledge or information of any act, error or omission which might reasonably be expected to give rise to a claim against him/her?" Mann, on behalf of Olla Grande, responded "no."

## Policy Exclusions

Hiscox alleges that there are certain policy exclusions which provide that the policy applies only to activities of the insured that are "solely in the performance of providing telecommunications and business consulting, design and development of broadband infrastructure, for others for a fee." Further, Hiscox contends that the policy applies only to those claims that are first made against the insured and reported to Hiscox during the policy period of November 30, 2006 through November 30, 2007, provided the insured had no knowledge of the actual or alleged wrongful act prior to the inception of the policy.

Hiscox argues that the policy excludes indemnity coverage for any claim "alleging fraud, dishonesty, criminal conduct, or any knowingly wrongful, malicious, or deliberate acts or omissions," and further excludes coverage for any claim "based upon, arising out of or attributed to the gaining of any profit or advantage to which the insured was not legally entitled." Additionally, Hiscox contends that the policy excludes coverage for a claim alleging a wrongful act

4

committed or allegedly committed prior to the retroactive date of September 30, 2006, as well as coverage for any claim as to which the insured knew about prior to the policy period, or had a reasonable basis to believe that such wrongful act would give rise to a claim.

Finally, Hiscox asserts that its policy excludes coverage for any claim based upon or arising out of liability of others that is assumed by any insured under any contract or agreement unless the liability would have attached to the insured even in the absence of the contract or agreement. According to Hiscox, the policy excludes coverage for any claim based upon or arising out of any breach of express warrantees, guarantees, or contracts, including, but not limited to, agreements to refund, repurchase, or indemnity any person or entity.

## Motion to Compel

In order to obtain information relevant to the parties' claims or defenses in this lawsuit, Hiscox served a set of interrogatories on Sandoval County. At issue in this motion to compel are Sandoval's responses and objections to Interrogatory Nos. 9, 10, 11, 12, 16, 17, 18, 19, and 20.

Sandoval County's objections to these interrogatories were primarily based on grounds of relevancy. [Doc. 109, Ex. A.] "The County properly objected to these interrogatories on the grounds that the amount of damages it suffered is not relevant to this lawsuit," [Doc. 124, p. 2] or that the information sought by Hiscox is barred by law. "The County's damages have been fixed by the state court Judgment and Hiscox is estopped from looking behind the Judgment now." [Id.]

Essentially, Sandoval County argues that Hiscox's insured had a "full and fair opportunity" to litigate the issue by being served with a copy of the State Court complaint. When the insured failed to answer and default judgment was entered, the insured and consequently, Hiscox, were essentially stuck with the result. Relying on a Kansas case, Johnson v. Studyvin, 828 F. Supp. 877

5

(D. Kan. 1993), Sandoval argues "It would be an unusual case indeed where a defendant defaulted but then appeared at the hearing on damages to contest damages . . . ." [Id., p. 4.]

While this may well be a statement of Kansas law, it does not reflect New Mexico law, established more than thirty years ago. In Gallegos v. Franklin, 89 N.M. 118, 547 P.2d 1160 (Ct. App.), *cert. denied,* 89 N.M. 206 (1976), the New Mexico Court of Appeals made a striking distinction between liability and damages in a default judgment case. By virtue of the default, a defendant admits the allegations of the complaint which are taken as true. However, for those matters which require an examination of details, such as damages, the plaintiff must furnish the proof. Id. at 123 (*citing* Thomson v. Wooster, 114 U.S. 104 (1885)). The Gallegos court noted that Wooster appeared to be the forerunner of Rule 55(b). Id. (*citing* Wright & Miller, Federal Practice and Procedure, 245 (1973)).

In Franklin, the court noted that liability was not an issue by virtue of the default. Id. "Generally, a default judgment precludes a trial of facts except as to damages. The allegations of the complaint, in effect, become findings or fact." Id. (internal citation omitted). However, a plaintiff "must produce evidence on amount of damages to be awarded which may be contested." Id.

> 'The entry of a default judgment against the defendant is not considered an admission by defendant of the amount of unliquidated damages claimed by plaintiff.' A default judgment entered on well-pleaded allegations in a complaint establishes defendant's liability. Where damages are unliquidated and uncertain, Rule 55(b), *supra*, requires plaintiff to prove the extent of the injuries established by the default. This rule is uniform.

Id. (internal citations omitted).

The Court of Appeals further explained that while a defaulting defendant, by failing to answer, admits responsibility for the injury, the admission does not relieve the plaintiff from putting on proof as to the extent of his damages. Id. at 124.

> It is true the language of Rule 55(b)(2) permits a court to conduct such hearings as it deems necessary and proper with respect to determination of the amount of damages. *Since we are committed to an adversary system of justice, we do not construe this rule to mean that a 'hearing' ipso facto means a one-sided presentation by the party seeking the default judgment.*

Id. (emphasis added). The court added that "in order to get assistance in evaluating a plaintiff's claim to judgment, [a court] should exercise its discretion in favor of allowing a defendant to cross-examine and even present counterproof. Id.

In sum, the Franklin court noted that a party can default on the issue of liability, but, under Rule 55(b), that party is still entitled to a separate hearing on the issue of damages and to notice of the hearing. Indeed, the Franklin court reversed the award of damages due to the trial court's failure to take evidence on compensatory and punitive damages, and allow the defendants to contest the amounts. Id. at 125.

In this case, Sandoval County argues that Hiscox's insured had a "full and fair opportunity" to litigate liability and damages because it was served with the Complaint. [Doc. 124.] There is no indication, however, that subsequent to the default on the issue of liability, Hiscox, a defaulting defendant (by virtue of its insured), received prior notice of the hearing on damages so that it could be present and contest the amounts of damages. Stated differently, what occurred in the State lawsuit does not appear to comport with New Mexico's law as outlined in Gallegos v. Franklin.

Moreover, the principle of broad and liberal discovery is consciously built into Rule 26 of the Federal Rules of Civil Procedure. These Rules are designed in part to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest

7

practicable extent." United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (*citing* Hickman v. Taylor, 329 U.S. 495, 501 (1947)).

In Independent Productions Corp. v. Lowe's, Inc., 22 F.R.D. 266, 271 (S.D.N.Y. 1958), the federal district court noted, "Objections based on alleged irrelevancy must, therefore, be viewed in light of the broad and liberal discovery principle consciously built into the Federal Rules of Civil Procedure." In Felix M. v. Cordova, 2000 WL 33906936, at *2 (unpublished) (D.N.M. Mar. 24, 2000), this district observed that "[b]ecause the test of relevancy is significantly broader at the discovery stage, discovery is permitted as to matters that [are] or may become relevant," Payer, Hewitt & Co. v. Bellanca Corp., 26 F.R.D. 219, 221 (D. Del. 1960), or "might conceivably have a bearing on the subject matter of the action." Triangle Mfg. Co. v. Paramount Bag Mfg. Co., 35 F.R.D. 540, 542 (E.D.N.Y. 1964).

In this case, the Court determines that Sandoval County's "relevancy" objections are not well-taken. While Sandoval County may ultimately succeed in convincing the trial judge that the evidence obtained in discovery is not admissible, the Court notes a significant difference between discoverability as opposed to admissibility. The fact that evidence is ultimately inadmissible does not mean it is not discoverable. *See* Fed. R. Civ. P. 26(b) (parties may obtain discovery as to any matter relevant to the claims and defenses of the opposing party).

Here, the Court did not previously issue an order limiting the scope of discovery in this case. *See* American Hangar, Inc. v. Basic Line, Inc., 105 F.R.D. 173 (D. Mass. 1985), and in the absence of privilege, or a prior order limiting discovery, Sandoval County is required to fully respond to the interrogatories as described more fully below.

**Interrogatories**

In <u>Interrogatory No. 9</u>, Hiscox asks Sandoval County to state whether Olla Grande or Sandoval Broadband, Inc. performed any services or provided any goods related to Sandoval County's broadband project at any time after September 28, 2006, and requested details regarding the services or goods and amounts paid by, or on behalf of Sandoval County.

Hiscox contends that the purpose of the interrogatory was to discover whether Olla Grande performed any professional services that would be covered under the policy, and, if so, what services were performed. Hiscox contends that Olla Grande was substituted for AQV, Inc. in a contract with Sandoval County on September 7, 2006. AQV, Inc. was not an insured under the policy. Therefore, Hiscox asserts it is entitled to learn from Sandoval County whether Olla Grande ever performed any services after the date of submission of the application and the specifics of any such service to determine if the service is covered under the terms of the policy or the policy exclusions.

Sandoval County responded that the requested information was not relevant. The Court rejects the objection. The information sought directly relates to whether the conduct of the insured is or is not covered under the policy or whether it is excluded by the exemptions. Thus, the information to be provided is relevant to the issue of whether the default judgment obtained by Sandoval County is or is not covered under the terms of the policy. The Court overrules Sandoval County's objections and requires Sandoval County to serve a full and complete response to Interrogatory No. 9 within fifteen (15) days after entry of this Order.

In <u>Interrogatory No. 10</u>, Hiscox asks Sandoval County to describe all credentials and professional qualifications of Olla Grande as of September 7, 2006, which Sandoval County considered or relied upon in substituting Olla Grande for AQV, Inc. under the professional service contract extension entered into by and among Sandoval County, AQV, Inc. and Olla Grande.

9

As explained above, Hiscox seeks to assess the *bona fides* of the claim that Olla Grande was providing professional services which were covered under the policy. AQV, Inc. was owned by Mann and was being substituted out of the contract with Sandoval for another corporation formed and controlled by Mann. Hiscox argues that Olla Grande was formed on September 20, 2005 for the express purpose of working on the Sandoval County broadband project. Yet, Hiscox contends that Olla Grande did not have any role in the project before it was substituted for AQV, Inc.

The information requested by Hiscox is relevant to representations made to it concerning Olla Grande's revenues and whether it was a corporation actually engaged in the work for which the policy was issued. Both areas of inquiry are relevant under Rule 26 as they go to the claims or defenses of a party. The Court overrules Sandoval County's objections and requires a full and complete response to Interrogatory No. 10 within fifteen (15) days after entry of this Order.

In <u>Interrogatory No. 11</u>, Hiscox requests Sandoval County to list all contract deliverables and the deadlines for such deliverables that AQV, Inc. was to provide to Sandoval County under the professional services contract dated December 6, 2004, and under the two addenda to that contract.

The September 7, 2006 contract provides "nothing herein shall be construed to relieve Olla Grande from any obligations or duties imposed by any previous agreements between Sandoval County and AQV, Inc. or Olla Grande." Hiscox argues that the purpose of the interrogatory is to determine what obligations and duties of AQV, Inc. could potentially be transferred to Olla Grande under the September 7, 2006 contract between and among Sandoval County, AQV, Inc. and Olla Grande. Hiscox seeks to determine whether those obligations and duties fell within the coverage provided by Hiscox. Indeed, it was that contract that transferred all of AQV, Inc.'s duties to Olla Grande.

Sandoval County objects on grounds that the request is not relevant to the claims or defenses, and that the December 6, 2004 contract and addenda do not form the basis for the March 31 default judgment. The Court overrules Sandoval County's objections. The September 7, 2006 contract assigned all of AQV, Inc.'s duties and obligations under its contracts with Sandoval County to Olla Grande, and it is relevant to the parties' claims and defenses to determine whether the duties assigned are covered under the terms of the policy. Moreover, even if the information is not directly relevant, a response may lead to the discovery of other relevant, admissible information as authorized under Rule 26. Thus, the Court requires that Sandoval County serve a full and complete response to Interrogatory No. 11 within fifteen (15) days after entry of this Order.

In <u>Interrogatory No. 12</u>, Hiscox asks Sandoval County, with regard to each of the contract deliverables referred to in Interrogatory No. 11, to state whether AQV, Inc. met its obligations for delivery and, if not, how much time passed since the deadline for each deliverable as of September 7, 2006. Hiscox contends that the purpose of this interrogatory is to determine whether Mann's company, AQV, Inc., was in default of its duties and obligations when the duties and obligations were transferred to Mann's other corporation, Olla Grande.

The response to this interrogatory is relevant to whether there were known claims against AQV, Inc. or Olla Grande on September 28, 2006. That information, of course, is relevant to the application for insurance in which the applicant denied knowledge of any known claims. Therefore, the Court overrules Sandoval County's objections and orders a full and complete response to Interrogatory No. 12 within fifteen (15) days after entry of this Order.[1]

---

[1] The Court observes that Sandoval County argued in its response that it had disclosed all information it had with respect to Interrogatory Nos. 11 and 12 and that it cannot provide any more information than it already disclosed. [Doc. 124, p. 10.] The Court does not require Sandoval to produce what it does not have; however, to the extent that any responsive information exists that was not produced, Sandoval must serve that information within 15 days after entry of this Order.

In <u>Interrogatory No. 16</u>, Hiscox asks Sandoval County to describe in detail each item or category of damages Sandoval County claims it suffered as alleged in its complaint and the underlying lawsuit, the amount, basis and method of calculation, and documents or records that support the claimed calculation. Hiscox argues that this interrogatory is intended to discover the grounds for the Sandoval County's damages claims against Olla Grande.

While Sandoval County's application for default was accompanied by the Affidavit of Michael W. Good, the Affidavit appears conclusory and was submitted without documentary support. As stated *supra*, under New Mexico law, even a defaulting party is entitled to a hearing on the issue of damages. <u>Gallegos v. Franklin</u>, 89 N.M. at 123-24.

Sandoval County objected to this interrogatory arguing that it was not relevant and lacked merit. It asserted that "the judgment is for compensatory damages suffered for wrongful act(s) of the judgment debtor/insured and no part of the judgment is for punitive, exemplary or treble damages." However, Hiscox contends that the underlying complaint in the State lawsuit sought damages against companies and individuals other than Olla Grande, the only named insured under the policy, and also sought recovery for conduct not covered by the policy, for example, malicious and willful conduct with the intent to injure.

Hiscox further asserts that it is entitled to learn from Sandoval County what claimed damages were submitted to court and the basis of those claimed damages. The Court agrees, and therefore overrules Sandoval County's objections. Sandoval County must serve a full and complete response to Interrogatory No. 16 within fifteen (15) days after entry of this Order.

In <u>Interrogatory Nos. 17 and 18</u>, Hiscox requests that Sandoval County list invoices received by it from each of the defendants in the underlying lawsuit or to provide copies and list all payments made by Sandoval County to each defendant in the underlying lawsuit. Hiscox contends that the

purpose of the interrogatory is to determine the amounts billed by and paid to each defendant, and to determine what billing and payments are relevant to Sandoval County's dealings with Olla Grande.

Sandoval County objects based on relevance. Relevance, for purposes of discovery, typically is viewed more broadly than relevance for purposes of admissibility at trial. *See* In re Cooper Tire and Rubber Co., 568 F.3d 1180, 1189 (10th Cir. 2009) ("[T]he standard for determining whether information is relevant for purposes of pretrial discovery is substantially broader than the standard for relevance during trial.") (*quoting* 7 James Wm. Moore *et al.*, Moore's Federal Practice § 37.22[2][a] (3d ed. 2007)). In this case, Hiscox's inquiry appears to be relevant to the claims and defenses of the parties. The Court, therefore, overrules the relevancy objection and requires Sandoval County to fully and completely answer Interrogatory Nos. 17 and 18 within fifteen (15) days after entry of this Order.

In Interrogatory No. 19, Hiscox requests Sandoval County to describe all steps it took to assure that the invoices received for goods or services related to the Sandoval County broadband project were accurate and reflected actual work performed or goods provided. Hiscox also asks Sandoval County to identify the name, address and contact information for individuals who were responsible for or provided oversight on behalf of the County as to the progress of the broadband project.

Hiscox argues that the purpose of the interrogatory is to learn specifics about the interactions between the County and the various defendants. Again, the inquiry is relevant to a determination of whether the parties were in default of their obligations and were aware or should have been aware that claims against them would be made. This is relevant with respect to Hiscox's defense concerning alleged misrepresentation on the application.

The Court overrules Sandoval County's objection and requires a full and complete response to Interrogatory No. 19 within fifteen (15) days after entry of this Order.

In <u>Interrogatory No. 20</u>, Hiscox asks Sandoval County to describe the facts, testimony, and documents that support Sandoval County's allegation in the underlying lawsuit that "Hendricks and Mann used Olla Grande and Sandoval Broadband as their alter ego for an improper purpose, including, but not limited to creating and maintaining a corporate identity for primary or sole and exclusive purpose of attempting to shield themselves from personal liability for their personal wrongful acts and omissions."

Hiscox contends that this interrogatory is intended to discover information upon which Sandoval County made this allegation in the underlying lawsuit. It argues that the allegation is relevant to the County's claims and Hiscox's defenses in that the policy was issued solely to Olla Grande, Inc. to cover professional services by that corporation, and was based upon the representation in Olla Grande's application that it was not "controlled, owned, or associated with any other firm, corporation or company." If Mr. Mann and Mr. Hendricks were using Olla Grande's corporate form for improper purposes, this information would be relevant to Hiscox's policy defenses.

Sandoval County asserted general relevancy objections, but, thereafter, contended that it was unable to respond to the interrogatory because no discovery was pursued in the underlying lawsuit, and the allegation in the complaint was simply made on information and belief. Sandoval County also claimed it had no additional information to produce that was responsive to Interrogatory No. 20.

Clearly, the Court cannot require a party to produce information it does not have. However, since the pleading requirements under Rule 11 demand that a pleader have a good-faith basis for

asserting claims, Sandoval County should be put to the test of describing the bases it had to assert those claims in the underlying complaint.

The Court determines that Sandoval County's objections are not well-taken, and are, therefore, overruled. Sandoval County should full and completely respond to Interrogatory No. 20 within fifteen (15) days after entry of this Order.

IT IS SO ORDERED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge